RUTLEDGE, *Trustee, Appellant*, v. SIMPSON'S ADMINISTRATOR.

Division Two, November 9, 1897.

1. **Administration**: ORDER TO TURN OVER NOTES TO TRUSTEE: REMEDY AGAINST BONDSMEN. An administrator made final settlement, and was ordered to turn over notes amounting to $6,714.79 to plaintiff as trustee, under the act of March 7, 1885, Laws of 1885, page 27, but neglected to do so until after his death, and within a year thereafter the trustee presented said claim for classification against his estate, and the claim was allowed and placed in the fifth class of demands, instead of the fourth, as was requested by the trustee on the ground that said claim, by the original order of the probate court, was a final judgment. It is *held*, in the light of the statute, that the order by the probate court to the administrator to turn over the notes to the trustee was not a judgment against him in his lifetime, and that the claim against his administrator for the amount of the notes was properly placed in the fifth class of demands. What remedies the distributees might have against his bondsmen, is not decided.

2. ———: JUDGMENTS: MEANING UNDER SECTION 183, REVISED STATUTES 1889. The word "judgments" used in section 183, Revised Statutes 1889, does not mean such judgments as require an action of court to first ascertain the amount due thereon or the value thereof before they can be classified.

3. ———: FINAL SETTLEMENTS PRIOR TO COLLECTION OF ASSETS. The statute of March 7, 1885, which was not carried forward into the Revision of 1889, permits the administrator to make final settlement prior to having collected all the assets, if a majority of those entitled to distribution make application to have the uncollected assets delivered to some person to be collected and distributed to them.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Stewart, Cunningham & Eliot* for appellant.

(1) Clause 4 of section 183, Revised Statutes 1889, requires that a "judgment rendered against the

deceased in his lifetime" shall be placed in the fourth class of demands against his estate. (2) The order of distribution made upon Simpson's final settlement of Brewster's estate was a judgment rendered against Simpson in his lifetime. Laws 1885, p. 27; R. S. 1889, sec. 2206; *State ex rel. v. Rucker*, 59 Mo. 17; *Woodworth v. Woodworth*, 70 Mo. 601; *Patterson v. Booth*, 103 Mo. 402; *Nelson v. Barnett*, 123 Mo. 564. (3) The order of distribution is as much a judgment in respect to that part requiring Simpson to turn over specific securities to appellant as it is a judgment with respect to that part requiring Simpson to turn over money to the other distributees named. R. S. 1889, secs. 233, 4921; *State to use v. Berning*, 74 Mo. 87; *Williams v. Petticrew*, 62 Mo. 460; *City v. Desnoyer's Adm'r*, 27 Mo. 36; *Gibson v. Vaughan*, 61 Mo. 418; *Ewing v. Taylor*, 70 Mo. 394. (4) The agreed statement and stipulation upon which, together with the transcript of the judgment, the case was tried, amounted to an acknowledgment of partial satisfaction of the judgment and a stipulation that so much of the judgment as remained unsatisfied, represented money in Simpson's hands. *McGinnis v. Loring*, 126 Mo. 411. (5) Appellant's demand being upon the judgment and being such demand and such only as had been adjudicated by that judgment, it should have been placed in the fourth class of demands against Simpson's estate. *Ewing v. Taylor*, 70 Mo. 394; *City v. Desnoyer's Adm'r*, 27 Mo. 36; *Gibson v. Vaughan*, 61 Mo. 418; *Kerr's Adm'x v. Wimer's Adm'r*, 40 Mo. 552.

*R. M. Nichols* for respondent.

(1) The order dated September 28, 1889, directing Simpson to turn over to Robert Rutledge, trustee, the uncollected notes and personal property, is not a

judgment within the meaning of section 183 of the Revised Statutes of 1889, entitling the same to be classified in the fourth class, but judgments within the meaning of that section are such that find a definite sum of money and not merely judgments directing an accounting. *Cook v. Jennings*, 40 S. C. 204; 2 Williams on Executors [7 Am. Ed.], p. 204; *Ex Parte Farrer*, 13 S. C. 254; *Wood v. Ellis*, 12 Mo. 616; *Gibson v. Vaughan*, 61 Mo. 418; *Barnett v. Caruth*, 22 Tex. 173; *Stores v. Milledge*, 1 Iowa, 150; *Harness v. Green*, 20 Mo. 316; 1 Freeman on Judgments, sec. 16; *Thomas v. McElwes*, 3 Strob. L. (S. C.) 130. (2) The order of the probate court does not fix any money judgment. Simpson converted notes which have a face value of $4,840. The special verdict (or agreed statement) finds their actual value to be only $4,466.65, and this question of conversion was triable like any other issue of fact; therefore the plaintiff's claim, within the meaning of the above authorities, was not proved by any judgment, nor was it, so far as amount is concerned, even *res adjudicata*. The claim must be allowed before it can be classified. R. S. 1889, secs. 2225, 2228; *Bredow v. Mutual Sav. Inst.*, 28 Mo. 181.

GANTT, P. J.—Jeptha H. Simpson was the administrator of the estate of Joseph Brewster, deceased. On the twenty-eighth day of September, 1889, said administrator made his final settlement of said estate in the probate court of the city of St. Louis and the following order was made by the said court:

"Now at this day, the court being fully advised of and concerning the final settlement of Jeptha H. Simpson, administrator of the estate of Joseph Brewster, deceased, and of the proofs of heirship pertaining thereto, heretofore, to wit, on the 22d day of July, 1889, submitted and taken under advisement, doth find and

determine that there is a balance in the hands of said administrator, belonging to said estate and subject to distribution, amounting to the sum of seventeen thousand and two dollars and twenty-six cents, and that said balance is composed of:

| | | |
|---|---:|---:|
| Note of Charles E. Stockton, described in inventory, and three unpaid notes, amounting to ...... ................ .....$ | 4,840 | 00 |
| Note of W. C. Hall and Josie A. Hall, inventoried at........ ... | 561 | 53 |
| And interest thereon amounting to........................... | 102 | 76 |
| Note of W. C. Hall and Josie A. Hall, inventoried at.......... | 105 | 00 |
| And interest thereon amounting to......... . .......... .... | 17 | 25 |
| Together with collateral security, consisting of lady's watch and chain and two diamond earrings.... ........ ....... | | |
| Note of Thomas and Laura Sans amounting to............... | 700 | 00 |
| And interest amounting to.... . ...... ................... | 336 | 00 |
| Account of W. S. Day for........ .... .............., .... . .... | 52 | 25 |
| And cash amounting to the sum of.... ... .. .... ......... | 10,287 | 47 |
| Total balance.... ....... .........................$ | 17,002 | 26 |

"And it appearing to the court that more than two years have elapsed since the date of the granting of letters of administration upon said estate, and that all claims and demands established against the same have been fully paid and satisfied. And it further appearing to the court that the above described uncollected assets amounting in the aggregate to the sum of sixty-seven hundred and fourteen dollars and seventy-nine cents can not be divided in kind with advantage to the distributees of said estate, and that it would not be to their advantage that the same be sold by said administrator, thereupon on application of a majority of the distributees of said estate, now represented herein by their respective attorneys, the court orders that said uncollected assets be transferred and delivered to Robert Rutlege, as trustee, who shall proceed to collect the same by suit or otherwise in the name of the distributees and dispose of the same to their best interest, collecting the proceeds thereof and distribute all moneys

realized to the parties entitled thereto, upon condition, however, that he do first give a good and sufficient bond for the faithful discharge of his duties as such trustee in the sum of six thousand dollars, to be approved by the court. And the court doth further find and determine from the proofs of heirship submitted herein as aforesaid, that the following named persons are the only distributees of said estate, and it is thereupon further ordered that the said administrator do pay and distribute said cash in his hands as aforesaid, to wit, the sum of ten thousand, two hundred and eighty-seven dollars and forty-seven cents, to and among the said distributees of said estate in the manner following, to wit:'' · [Here followed a detailed statement of amount due each distributee.]

Simpson distributed the cash as directed but died February 22, 1893, without having delivered to the trustee Rutledge the above described notes aggregating $6,714.79.

William C. Richardson, as public administrator, took charge of Simpson's estate. Within a year thereafter, Rutledge, the trustee, presented said claim for classification against the estate of Simpson and the probate court allowed the amount of said notes, less $373.35 unearned interest or $4,466.65, to bear interest from November 10, 1890, and placed it in class 5 of demands against said estate. Because of the classification of this demand in the fifth class instead of the fourth class, the trustee Rutledge took an appeal to the circuit court where upon a trial *de novo* the judgment of the probate court was affirmed. In due time the · trustee filed his motion for new trial, which having been overruled he appealed to this court.

I. The laws of this State divide all demands against the estates of deceased persons into six classes. R S. 1889, sec. 183. The fourth class consists of

"judgments rendered against the deceased in his life-time and judgments rendered upon attachments levied upon property of the deceased during his lifetime," etc.

The sole question presented for solution then is the propriety of the classification of the demand grow-ing out of the facts detailed in the statement. If a judgment rendered in the lifetime of Jeptha H. Simp-son within the meaning of section 183, Revised Stat-utes 1889, then it was improperly placed in the fifth class. The contention is sharp and clear. The claim-ant insists that within the meaning of this section, what-ever the character of the litigation, whether legal or equitable, and whatever the nature of the right deter-mined, whether a judgment for a definite sum of money or the recovery of specific property, the final deter-mination of the right of the parties is a judgment, whereas the public administrator, while admitting that the order upon his final settlement directing Simpson to deliver the notes to Rutledge, the trustee, is a judg-ment, it is not such a judgment as is contemplated by section 183, because he asserts the judgments men-tioned in that section evidently are such and such only as need only to be classified, and require no action of the court in first ascertaining the amount due thereon before classification.

Before proceeding further it may be well to note that the order made on final settlement was made under the authority of an act approved March 7, 1885, Laws of Missouri 1885, page 27, which permitted property in kind in the hands of an administrator or executor to be delivered to a trustee upon an order of the probate court. This act was not carried into the Revision of 1889. What, then, in view of this act, was the nature of the order to deliver the uncollected notes to the trustee Rutledge? It is earnestly urged by the learned counsel for the trustee that the court finally adjudged that the

uncollected notes were worth $6,714.79, that in effect it was a judgment for $6,714.79 which might be satisfied by turning over said notes, but which in default of delivery to the trustee as directed by the court, absolutely entitled the trustee to that sum of money from Simpson or his estate. On the other hand, Simpson's administrator contends that it was in no sense an award of any specific sum of money so far as the notes went to make up the balance due from the administrator, but simply an order to turn over the notes and that the amount of each was merely descriptive; that while the order was final in the sense of Simpson accounting to the estate for the notes was concerned, it was in no sense an adjudication of the value of the notes; that when called upon to account for the notes it was open to Simpson to show their real value; that the order presupposed an accounting was necessary which precluded the finality of the judgment in the sense claimed for it by the claimant. As a general rule, it is self evident that final settlement of an estate can not be made until it has been fully administered and nothing remains to be done to complete the execution of the trust, but to this rule some courts have allowed exceptions where the assets, though not reduced to cash, can be assigned to creditors, distributees or legatees, and if these are willing to accept them, they may compel final settlement, provided the rights of other parties are not affected, and administrators and executors may be compelled to make final settlement, although the assets have not been collected, if by their negligence or bad faith they have made themselves liable to be charged with their value as so much cash in hand. The statute of 1885, it would seem, goes further and permits the administrator himself to make final settlement prior to having collected all the assets, if the majority of those entitled to distribution make application to have the uncollected

assets delivered to some person to collect and distribute the same to them. It is evidently under this statute that the final settlement was made of the Brewster estate. The cash was distributed and the effect of the order to turn over the notes remains to be determined. Had Simpson at once complied with that order in the absence of any charge of negligence in their collection it can scarcely be doubted that he would have been exonerated from further liability; but having failed to do so and proceeded to collect the notes himself in violation of the order, what constitutes the cause of action against his estate in favor of these distributees or their trustee? Is it a judgment for a definite sum of money that requires only classification as claimed by the trustee, or is it a mere demand for moneys collected to their use or for a conversion of the notes against which his so-called final settlement would be no bar? If either of the latter, clearly it must first be allowed before classification, and if so, it was not a judgment against him in his lifetime. Keeping in view the statute under which the settlement was made and the order upon the final settlement, we are of opinion it can not be maintained that the court at any time undertook to pass upon the value of these notes, nor was any effort made to charge him with the amount thereof as for negligence or fraud but he was simply ordered to turn over said notes. Out of his failure to obey the order of the court this claim arose, which was never adjudicated until allowed against his estate. Whatever other remedies the distributees might have had against him or his bondsmen, it follows that as to these notes it was not a final judgment against him in his lifetime.

Regularly he ought to have been ordered to collect said notes and his settlement continued to compel him to bring in the money on said notes for distribution, but having adopted the other course permitted by the

statute and Simpson having disobeyed the judgment, the final judgment fixing the amount of his liability on the notes was not rendered in his lifetime and the probate court properly placed it in the fifth class after allowance. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.