Ryans v. Boogher.

---

## RYANS v. BOOGHER et al., Executors of BRADFORD'S, Will, Appellants.

### Division Two, October 27, 1902.*

1. **Administration: SUIT: EXHIBITION OF DEMAND.** An action com-
menced against an estate of a deceased person is legally exhibited
from the time of serving the original process on the executor or
administrator.

2. ———: **LIMITATIONS: AMENDMENT OF STATUTE: REMEDY: PRESENTA-
TION FOR ALLOWANCE.** Statutes of limitation which affect the rem-
edy only are subject entirely to the will of the Legislature, and it

*NOTE:—Decided June 30, 1902. Motion for rehearing filed; over-
ruled October 27, 1902.

may repeal them *in toto,* or fix a different limitation at any time before the bar becomes complete, and if the latter is done the new limitation controls.  So that the repeal of that part of the administration statute which required a demand which has been legally exhibited against an estate by the bringing of a suit therein, to be presented to the probate court *"for allowance"* within two years, leaves a claim so exhibited subject to be barred only by the general statute governing limitations as to judgments.

3.  ———: ———: APPLICATION OF SECTION 189, R. S. 1899. Section 189, Revised Statutes 1899, by its terms, is restricted to the demands referred to in section 188, and has no application to suits commenced and prosecuted under section 187.

4.  ———: JUDGMENT: FILING IN PROBATE COURT.  A judgment against an executor or administrator obtained in the circuit court or other court of record, must be filed in the probate court, and there classified and abstracted.

5.  ———: ———: ———: LACHES.  A claimant who begins his suit against the executor within one year is not guilty of laches because he fails to have his judgment certified to and filed in the probate court before it is affirmed on appeal in the appellate court. The appeal operates as a supersedeas, and the appellate court alone, pending that appeal, has jurisdiction of that action.

6.  ———: ———: DISCHARGE: FINAL SETTLEMENT.  The executor or administrator can not, on the theory that a judgment must be certified to the probate court within two years, make a final settlement while the action for the claim, begun within the proper time, is still pending in the circuit or appellate court.  There can be no final settlement until that action is finally disposed of, and whatever final judgment is rendered therein is satisfied according to law.

7.  ———: ———: CLASSIFICATION: MEANING OF SECTION 3177.  Section 3177, Revised Statutes 1899, providing that "no execution shall issue against an executor or administrator, but all demands shall be classified and proceeded on in the probate court," has no reference to the *time* within which a judgment shall be classified, but simply forbids an execution to issue against an estate.

8.  ———: ———: PAYMENT: DUTY OF EXECUTOR.  After the affirmance by the appellate court of a judgment against an estate for services rendered the testator during his lifetime, it is the plain duty of the executor to pay the same before asking to make final settlement, and this is peculiarly so where the executor is administering the estate without having given bond.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer,* Judge.

AFFIRMED.

*R. M. Nichols* for appellants.

(1) The two-year statute of limitation began to run against the claim of Wyatt Ryans on the date of letters, and in the language of the statute: "he must present his demand to the court in the manner provided by law for allowance within two years." He must "exhibit a copy of such judgment or decree . . . . . to the probate court." "Such court shall determine its class, and when thus classed the executor or administrator may satisfy such demand according to such classification." And if·the unclassified judgment is not classified within two years from date of letters its classification can not take place thereafter, and the executors were warranted in finally settling the estate, after the lapse of two years. R. S. 1899, secs. 185, 189, 191, 208, 3177; Beckman v. Richardson, 150 Mo. 430; Price v. McCause, 30 Mo. App. 627; Bank v. Burgin, 73 Mo. App. 109; Taylor v. Woods, 36 Mo. 73; Titterington, Admr., v. Hooker, 58 Mo. 593. (2) The judgment, as rendered, without classification by the court rendering the same, is identical in legal effect, excepting the grade of classification, with a judgment rendered in the lifetime of a deceased, and there is no difference in the course to be pursued in obtaining their classification. A judgment against an administrator without classification is no more a charge against the assets of the deceased than a judgment rendered in the lifetime; classification must be made of both such judgments, before they are a charge against the assets. When unclassified by the court rendering the same it must be classified by the probate court in the same manner as if rendered in the lifetime of the deceased. In neither case does

the probate court do more than classify the judgment. It can not allow them—their allowance has already been effected. And until classified the executors have no authority to pay the same. R. S. 1899, secs. 191, 208, 3177; Carondelet v. Desnoyers, 27 Mo. 36; Gibson v. Naughton, 61 Mo. 419; Wernse v. McPike, 100 Mo. 143; Beekman v. Richardson, supra. (3) Allowance and a classification of the claim when allowed are separate judicial acts. The date of exhibition and the nature of the claim fixes the class, but the act of "classification" is limited and controlled by sections 184 and 189, requiring the claimant to "present his demand to the court in the manner provided by law for allowance within two years." R. S. 1899, secs. 184, 189, 208, 210; Rollins v. Gentry, 68 Mo. App. 300; Johns v. Davis, Admr., 37 Mo. App. 69; Nelson v. Russell's Admr., 15 Mo. 356; Miller v. Jenner's Ex., 15 Mo. 266; Bank v. Tutt, 44 Mo. 366; Burkhart v. Helfrich, 77 Mo. 377; Bank v. Suman, 79 Mo. 527; McFaul v. Haley, Admr., 166 Mo. 56. (4) "The effect of a supersedeas is not to vacate or annul the judgment or decree, but is merely to stay further proceedings upon it, and leave matters in the condition in which they were when the supersedeas took effect, and until the appellate court can hear the parties on the question involved." This is not a case of supersedeas. The direct mandate of section 2177 of the Revised Statutes is that "no execution shall issue upon any judgment or decree rendered  .  ·.  .  against his executor or administrator after his death  .  .  .  but all such demands shall be classed and proceeded on in the courts having probate jurisdiction as required by said statutes." R. S. 1899, sec. 2177; 20 Am. and Eng. Encly. P. and P., p. 124; Adams v. Railroad, 18 Mo. App. 376; People v. Rickert, 159 Ill. 496; Semple v. Eubanks, 35 S. W. 509. (5) The supersedeas given by the appeal would not arrest the course of the statute, the stay of execution by supersedeas not being named as an exception; and nothing can arrest the running of the two-year statute of

limitation after it once begins. Fairbanks v. Long, 91 Mo. 636; Jones v. Thomas, 124 Mo. 586; Christie v. Flannigan, 87 Mo. 670; Green v. Daugherty, 55 Mo. App. 217; Sublette v. Railroad, 81 Mo. App. 327. (6) The claim was established by a judgment on March 11, 1899, and although final settlement was advertised, the claimant did not, during the two years, and has not up to the time of trying the case in the circuit court, presented his judgment to the probate court for classification. He is now barred from so doing by his laches. Johnston v. Standard M. Co., 148 U. S. 369; Herman v. Bates, 5 Colo. App. 408; Herman v. Bates, 24 Colo. 71; Tinsley v. Rice, 105 Ga. 288; Thomas v. Van Meller, 164 Ill. 305. (7) Acts done by executors before qualification, or during the suspension of their power, would be validated by subsequent qualification. And, therefore, the publication of notice of intent to make final settlement during suspension of letters was legal. Bambrick v. Church, 53 Mo. App. 233; Stagg v. Green, 47 Mo. 500; Wilson v. Wilson, 54 Mo. 213; Barnard v. Bateman, 76 Mo. 414.

*W. B. & Ford W. Thompson* for respondent.

(1) This demand was legally exhibited against the estate. R. S. 1899, sec. 187. (2) There was and is no statute of limitations in this State which would bar a demand thus legally exhibited. Laws, 1899, p. 39. (3) Statutes relating merely to the remedy upon a contract or demand do not give vested rights, or impair the obligation of contracts, and the remedy may be changed although the law affects actions then pending. Wood on Limitations, [3 Ed.] secs. 11, 12, pp. 32 to 43; Holland v. Dickerson, 41 Iowa; Lane v. Nelson, 79 Pa. St. 407; Read v. Bank, 23 Me. 318; Terry v. Anderson, 95 U. S. 628; Ludwig v. Stewart, 32 Mich. 27. (4) Since statutes of limitations only relate to the remedy, it is competent for the Legislature to repeal the statute *in toto* as

to all claims against which it has not run.    Stocking v. Hunt, 3 Den. (N. Y.) 274; Hill v. Boyland, 40 Miss. 361; Swickhard v. Bailey, 3 Kan. 507.    Where the statute is changed before the completion of the limitation period, and the time extended or increased, the period prescribed by the new law must run in order to constitute a bar to the action.    Henry v. Thorpe, 14 Ala. 103.    The statute of limitations in force when the remedy is sought, is the one to be applied.    Wilson v. Trucker, 105 Iowa; Jones v. German Ins. Co., 110 Iowa; Bradford v. Slime, 13 Fla. 393; Rogers v. Handy, 24 Vt. 620; Wires v. Farr, 25 Vt. 41; Conker v. Hart, 14 N. Y. 22. Statutes of limitation may be altered or repealed before the statute bar has become complete, but not after, if the effect of the bar is to extinguish the right of action, as distinguished from the effect of limiting the remedy, and where the action sounds in debt, contract or any of that class of causes, in which a party does not become invested with the title to property, by reason of the bar of statute, the Legislature may, by repeal of the statute of limitation, even after the right of action thereon is barred, restore to the plaintiff the remedy thereon, and divest the other party of the statutory bar, as a defense, which before the repeal or extension of time denied a remedy.    Thompson v. Read, 41 Iowa, 48; Edwards v. McCaddon, 20 Iowa, 420; Beal v. Mason, 14 Me. 344; Campbell v. Holt, 115 U. S. 620.    (5)    Respondent, as a matter of fact, not only complied with the requirements of the new statute, but also literally complied with those of the old statute, which was repealed, by bringing suit, obtaining service and prosecuting said suit to judgment within less than one year after the death of the deceased. R. S. 1899, secs. 185, 186, 187, 188, 189, 197, 198 and 200.    (6)    There is no statute on the books, under which a claimant is required to present a judgment obtained against an administrator or executor of an estate to the probate court for allowance and classification. This duty is expressly placed upon the administrator or exe-

cutor, and whenever a claim has been exhibited to him it is his duty to make a list of these demands and to classify them and make return thereof to the probate court at each settlement. Sec. 190. (7) The appeal of an administrator or executor from a judgment rendered against the estate, operates as a supersedeas; the effect of which is to stay all proceedings in the lower courts with reference thereto. State ex rel. v. Guinotte, 156 Mo. 518; Foster's Admr. v. Ricker's Excr., 26 Mo. 494; R. S. 1899, secs. 808, 809; Carroll v. Reid, 158 Mo. 319. (8) Appellants were detected in an attempt to secure a discharge as executors, by means of a false representation to the probate court, that they had fully administered the estate in their charge, having intentionally omitted to list the claim of respondent, and to direct the court's attention to the fact that it had been legally exhibited against the estate, and allowed by the circuit court of the city of St. Louis, or to explain in what manner it had been disposed of. This action upon the part of an executor is a clear and distinct attempt to perpetrate a fraud upon the court and has been branded as such by the courts. Had these executors secured an approval of this final settlement, it could not have operated as a judgment, since respondent was not a party thereto, or mentioned therein, and would have been set aside, and, at his request, his demand ordered to be paid, upon a showing of the proper facts before any court of competent jurisdiction. Lewis v. Carson, 93 Mo. 590; Smiley v. Cockrell, 92 Mo. 105; Nolan v. Johns, 108 Mo. 427.

GANTT, J.—This is an appeal from a judgment of the circuit court of the city of St. Louis affirming a judgment of the probate court of said city, refusing to permit the appellants, who are the executors of the last will and testament of Charles H. Bradford, deceased, to make a final settlement of said estate pending their appeal from a judgment of the

circuit court of said city in favor of plaintiff Wyatt Ryans against said estate for $7,605.73.

The facts briefly are these:

Dr. Charles H. Bradford, a resident of St. Louis, died April 20, 1898, leaving a last will, which was probated May 26, 1898, by which will Jesse L. Boogher and Howard A. Blossom were appointed executors. On May 26, 1898, letters testamentary with the will annexed were duly issued to Boogher and Blossom, who qualified without bond. Notice of their administration was made and proof filed June 22, 1898. Subsequently a contest of said will was commenced and evidence thereof filed in the probate court on July 6, 1898, and on the same day their letters were revoked and Richard Hospes was appointed administrator *pendente lite*. The executors thereupon made a turn-over settlement and passed the estate to the administrator *pendente lite*. On November 16, 1898, the plaintiff, Wyatt Ryans, commenced his action against said estate in the circuit court of St. Louis, for services rendered Dr. Bradford in his lifetime. The summons was duly served on Hospes, November 19, 1898. In due course of law Ryans obtained judgment against the said estate for $7,605.73, on March 11, 1899. On June 2, 1899, the administrator *pendente lite* obtained an appeal from said judgment to this court, which judgment was affirmed in this court March 11, 1902.

Pending this appeal in this court an appeal was also prosecuted from a judgment in the will contest case to this court, but the said appeal was dismissed November 12, 1900. The executors, prior to the dismissal of the will contest appeal, and on November 3, 1900, published notice that they would make a final settlement of said estate. Afterwards, on December 21, 1900, the letters of the administrator *pendente lite* were revoked, and the said executors again took charge of said estate. On January 19, 1901, the said executors, pursuant to their notice, filed their exhibits for their final settlement, and plaintiff Ryans filed his exceptions thereto,

calling the attention of the probate court to the fact that the appeal of said estate from his judgment against said estate was still pending and undetermined in the Supreme Court, and the said settlement was continued by the probate court until its March term, 1901. On January 29, 1901, the plaintiff filed his motion in the Supreme Court to make said executors parties defendants in the said appeal, which motion was duly sustained by the Court in Banc, and process was duly served on each of them, and thereafter they filed their briefs and abstracts in this court and the cause stood against them and was affirmed against them as executors on March 11, 1902. On March 13, 1901, the final settlement was duly heard and considered in the probate court, and on July 10, 1901, the probate court sustained said exceptions of plaintiff, refused to permit the executors to be discharged, and required them to retain $15,000 in their hands to await the final judgment of this court on said appeal from plaintiffs judgment. From that judgment of the probate court the executors appealed to the circuit court of St. Louis and on January 6, 1902, the circuit court affirmed the judgment of the probate court, and on January 29, 1902, the executors appealed from the circuit court to this court.

## I.

The one question for decision upon the foregoing facts is whether the estate of Dr. Charles H. Bradford was forever discharged from the judgment rendered in the circuit court of the city of St. Louis and affirmed in this court, because the same had not been classified in the probate court of the city of St. Louis within the two years after letters testamentary were granted to his executors, to-wit, within two years from May 26, 1898. The contention of the executors is that said judgment presented no obstacle whatever to their making their final settlement and receiving their discharge as it was barred

by the special statute of limitations found in sections 185, 189, 191, 208, 3177, Revised Statutes 1899.

Section 185 provides that "all demands not thus exhibited in two years shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, two years after the removal of their disability, and said two years shall begin to run from the date of the letters where notice shall be published within thirty days, as provided in section 86, and in all other cases said two years shall begin to run from the date of publication of the notice."

Section 187 provides that "all actions commenced against such executor or administrator, after the death of the deceased, shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator."

Section 190 requires "every executor and administrator to keep a list of all demands thus exhibited, classing them, and make return thereof to the court at each settlement."

Section 191 provides that "any person having a demand against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree, and shall also exhibit copies of all judgments or decrees rendered in the lifetime of the deceased to the probate court, and when a claim is allowed against an estate which is secured by mortgage, deed of trust or other lien held by the creditor, the same may be allowed as other claims, but shall not be paid until such security held by the claimant has been exhausted," etc.

Section 184 directs the order of classification, and paragraph five thereof provides that "all demands, without regard to quality, which shall be legally exhibited against the estate within one year after the granting of the first letters on the estate" shall be placed in class 5.

Section 208 provides that "if any judgment of a court of

record be filed in said [probate] court, and when demands are allowed against an estate, such court shall determine its class, and the clerk shall make an entry thereof in his abstract, and when thus classed the executor or administrator may satisfy such demand according to such classification."

Section 3177 provides that no execution shall issue against the executor or administrator but all demands shall be classed and proceeded on in the probate court.

That the circuit court had jurisdiction to render the judgment for plaintiff against the estate of Dr. Bradford, is established by section 191, Revised Statutes 1899; that the suit was commenced by plaintiff within the first year of the administration and thus "legally exhibited," is conclusively shown by section 187, Revised Statutes 1899.

In fact, the only contention left to the defendants is that because this judgment was not also "classified" within two years after the publication of the first letters, it is forever barred. If this is true in all its broadness, it will follow that one who has a claim against an estate may bring it in a court to which jurisdiction is expressly given to hear and adjudicate it, and may commence it within the time designated by statute, and yet if for any reason final judgment is not rendered in his behalf within two years from the taking out letters testamentary or of administration, the judgment can not be enforced against the estate. In a word, it matters not that the plaintiff or claimant is diligent and guilty of no laches whatever, if for any reason the proceeding does not ripen into a judgment within the two years and is not classified, it amounts to nothing so far as receiving satisfaction is concerned.

Heretofore the statute has received no such construction.

The cases cited of McFaul v. Haley, 166 Mo. 56, and Beekman v. Richardson, 150 Mo. 430, do not affect the point under consideration. In both of those cases the judgment had been rendered in the lifetime of the deceased. In this case

the action is for services rendered the deceased in his lifetime and no action commenced in his lifetime.

The limitation runs against "all demands not exhibited in two years," but the statute expressly declares that an action commenced and process served "is legally exhibited from the time of serving the original process on such executor or administrator."

So that at the time of the attempted final settlement there was no special statute of limitations in this State which barred a claim which had been legally exhibited against an estate because it had not also been "presented to the court for allowance," and even though the statute of 1889 required both to concur to avoid the bar of the special limitations, as to which we express no opinion, still as the Act of 1899 (Laws of 1899, page 39) struck out of section 185, the words "and presented to the court for allowance," by operation of law on August 8, 1899, and as the two years under the Act of 1889 would under no circumstances run against plaintiff's claim prior to May 26, 1900, it is clear that plaintiff's judgment was not barred when defendants attempted to ignore it and make their final settlement, but was a valid subsisting judgment against said estate.

The repeal of the special statute of two years, so far as requiring the demand "to be presented for allowance" within two years before it had run against plaintiff's claim, left it subject to be barred only by the general statutes governing the limitation as to judgments.

Statutes of limitation, like the special statute in section 185, Revised Statutes 1899, which affect the remedy only are subject entirely to the will of the Legislature and it may repeal them *in toto* or fix a different limitation at any time before the bar becomes complete, and if the latter, then the new limitation must control. [State to use v. Heman, 70 Mo. 441-456; Henry v. Thorpe, 14 Ala. 103; Wood on Limitations, sec. 12, and cases cited.]

Section 189, Revised Statutes 1899, cited by defendants, by its terms is restricted to the demands referred to in section 188, and has no application whatever to suits commenced and prosecuted under section 187, the section under which plaintiff prosecuted his suit.

Conceding, which we think is the true construction, that a judgment obtained in the circuit court or other court of record against the executors or administrators must be filed in the probate court and there classified and abstracted as required by section 208, Revised Statutes 1899, there was no laches on the part of plaintiff because he failed to have it filed before said judgment was affirmed in this court. After the appeal was taken the cause was pending in this court and the appeal of the defendants operated as a supersedeas, and this court alone, pending said appeal, had jurisdiction of said action. [Secs. 278, 281, R. S. 1899.]

As the act of the probate court in classifying demands, and judgment of courts of record other than the probate court, is judicial (McFaul v. Haley, 166 Mo. 56), and as that court had no jurisdiction to render a judgment in this case, pending an appeal in this court (Cuendet v. Henderson, 166 Mo. 657; State ex rel. v. Guinotte, 156 Mo. 518; Foster's Admr. v. Rucker's Exr., 26 Mo. 494; Carroll v. Reid, 158 Mo. 319), it follows that the plaintiff was guilty of no default or laches in not having his judgment certified by the circuit court to the probate court for classification pending such appeal in this court, and as there is no law of this State which had barred said judgment, to which these defendants were parties as executors and of the existence of which they were fully advised when they attempted to make a final settlement without paying it and without calling the attention of the probate court to it, as required by section 190, Revised Statutes 1899, they clearly disregarded this plain statutory command.

Finally, it may be well to state that section 3177, Revised Statutes 1899, has no reference to the *time* within which

a judgment shall be classified, but when read in its proper connection only forbids an execution to issue therein against the estate of the deceased, and requires it to be classed and paid under the supervision of the probate court.

From whatever standpoint this appeal is considered, it is clear that the probate and circuit court correctly ruled that defendants had no right to make a final settlement until they had discharged the debts of the deceased which had been reduced to judgments. Until then they had not "fully administered" the estate, and until then the devisees and legatees had no right to receive the estate in their hands. [Section 239, R. S. 1899; Smiley v. Cockrell, 92 Mo. 111.]

The appeal in this case, after the affirmance of plaintiff's judgment in March last, is without merit. After that affirmance, it was the plain duty of defendants to have paid the same before asking to make a final settlement, and peculiarly so, inasmuch as they were administering the estate without having given bond.

The judgment of the circuit court affirming the judgment of the probate court is in all things affirmed. All concur.