BICK, Appellant, v. CARTER, Respondent.

St. Louis Court of Appeals, March 5, 1907.

1. PARTIES: Judgment: Execution. One not a party to a judgment, as a general rule, will not be heard on a motion to quash an execution issued on such judgment against the judgment defendant on the ground that the mover is the owner of the property levied upon under the execution.

2. ————: ————: ————: Judgment Defendant Dead. Where an execution defendant is dead at the date of its issuance, the execution is void and it was not error in the court to quash the execution on the motion of one who claimed to own the property levied upon under the execution, although such one was not a party to the record.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*P. H. Cullen* for appellant.

(1) Mrs. Vaughn was a stranger to the record and the court erred in entertaining her motion to quash levy and vacate sale of her property. The court cannot in

this manner try title to property. Cope v. Snider, 99 Mo. App. 501; State ex rel. v. Clyners, 81 Mo. 122; Hoover v. Railroad, 115 Mo. 81; Stove Co. v. Butler, 121 Mo. 638; Gay v. Orcutt, 169 Mo. 407. (2) The original judgment having been entered on January 22, 1894, it was controlled by the twenty year statute. R. S. 1889, sec. 9296; Laws of 1895, p. 201; 51 Mo. App. 149; Wencker v. Thompson, 98 Mo. App. 59.

GOODE, J.—This is an appeal from an order sustaining a motion to quash an execution. The judgment on which the execution was issued was recovered by plaintiff against defendant January 22, 1894, before a justice of the peace, and was for $85. Said judgment was revived November 9, 1903, and subsequently a transcript of the revived and renewed judgment was filed in the office of the circuit clerk of Monroe county. An execution was taken out on this transcript and levied on three lots in the city of Paris, Missouri, and on another parcel of ground in said city. The levy was made August 3, 1905, and a sale of the lots took place pursuant to the levy September 5th of that year. On September 16th Martha A. Vaughn appeared in court and filed a motion to quash the execution, alleging in support of the motion that the execution defendant, W. P. Carter, had died in August, 1904, prior to the execution sale and that before his death she had purchased the property from him on which the execution was levied. The court sustained the motion to quash and defendant appealed, assigning for error that Martha A. Vaughn, the mover, not being a party to the action, had no right to interpose against the execution and the court ruled wrongly in entertaining and sustaining her motion. It is no doubt true, as a general proposition, that a person not a party to a suit cannot interfere with the progress of the proceeding either before or after judgment; and hence will not be heard on motion to quash an execution issued against

the judgment defendant, on the ground that he was the owner of the property. [State ex rel. v. Clymer, 81 Mo. 122; Oxley Stave Co. v. Butler, 121 Mo. 638, 26 S. W. 367; Gay v. Orcutt, 169 Mo. 407, 69 S. W. 295.] It is held that a court cannot try the title to property in this mode. Those cases proceeded on the theory that the execution defendant was still living at the date the writ issued and that the purpose of the motion was to raise a contest as to his title for the benefit of a stranger to the action who claimed to own the property. But the conceded fact is that when the present execution was issued the defendant Carter was dead, and as there was no other defendant in the case, the process was void. This has been the law since 1826. [Miller v. Doan, 19 Mo. 650; Hardin v. McCanse, 53 Mo. 255, 261; Wernecke v. Wood, 58 Mo. 352; Brown v. Woody, 64 Mo. 547; Ryans v. Boogher, 169 Mo. 673, 685, 69 S. W. 1048; Griswold v. Johnson, 22 Mo. App. 466.] Whether or not Mrs. Vaughn had a right to interefere by motion, it is certain the court had control of its own process, and it ought not to be put in the wrong for quashing a void execution.

The judgment is affirmed. All concur.