CYRUS E. HODDE, Receiver of the HENSLER MERCANTILE OIL & SUPPLY COMPANY, Appellant, v. CHARLES TEUTENBERG, Administrator with Will Annexed of the ESTATE OF WILLIAM GRAFEMAN, Respondent.

St. Louis Court of Appeals. Opinion Filed April 6, 1920.

EXECUTORS AND ADMINISTRATORS: Claims Against Estates: Appeals: Judgment Cannot Be Classified as Demand Against Estate Pending Appeal With Bond. A judgment of a trial court rendered against one in his lifetime, who dies pending an appeal therefrom with bond, cannot during the pendency of such appeal, be classified as a fourth-class demand against his estate, though presented in due time under the provisions of section 190, page 97, Laws of 1917, the appeal bond duly approved by the circuit court, operated, by command of section 2042, Revised Statutes 1909, to stay the execution of the judgment.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Charles B. Davis*, Judge.

AFFIRMED AND REMANDED (*with directions*).

*Grant & Grant* for appellant.

*Thos. S. Meng* for respondent.

ALLEN, J.—On May 7, 1917, the appellant herein, Cyrus E. Hodde, as receiver of the Henseler Mercantile Oil & Supply Company, a corporation, recovered a judgment against William Grafeman in the circuit court of the city of St. Louis. In due course Grafeman perfected his appeal from said judgment to this court, giving a supersedeas bond duly approved by the circuit court. During the pendency of the appeal Grafeman

died, and letters of administration were issued on his estate by the probate court of the city of St. Louis. Within six months after the issuance of such letters, Hodde, as such receiver, duly notified the administrator of said estate that at the next term (June Term, 1918) of said probate court he would present the aforesaid judgment "for classification" as a demand against the estate. Thereafter, the matter coming on to be heard in the probate court, the court ordered that the claim, amounting, with interest and costs, to the sum of $5974.95, be placed in the fourth class of demands established against said estate. From this order the administrator prosecuted an appeal to the circuit court where, upon a trial *de novo,* the court found and adjudged that the demand had been prematurely "allowed," and entered judgment setting aside and vacating the said order of the probate court. Thereupon Hodde, as such receiver, prosecuted his appeal to this court.

The appeal before us, therefore, involves merely the question whether or not a judgment of a trial court rendered against one in his lifetime who dies pending an appeal therefrom with bond, may, during the pendency of such appeal, be "classified" as a fourth class demand against his estate, if presented in due time, under the provisions of section 190, Laws 1917, p. 97. A consideration of this question has led us to the conclusion that the ruling of the circuit court herein is sound and must be upheld. We are of the opinion that appellant was not entitled to establish, as a fourth class demand against said estate, a judgment rendered against the deceased during his lifetime but from which he had prosecuted an appeal, with supersedeas, which appeal was still pending and undisposed of. Appellant's theory is that he is merely seeking to obtain an order "classifying" this judgment, placing it in the fourth class of demands against the estate; that there is nothing "sacred or final" in such order of classification, and if the judgment should be ultimately reversed on appeal the probate court has the power to protect the

estate, by an appropriate order, from the payment thereof. But with respect to the effect of such classification, we think that appellant is in error. The act of the probate court in classifying the judgment as a demand against the estate was a judicial act—in effect a judgment establishing a demand against the estate. [McFaul v. Haley, 166 Mo. 56, 1. c. 66 et seq., 65 S. W. 995; Ryans v. Boogher, 169 Mo. 673, 1. c. 685, 69 S. W. 1048; Green v. Strother 212 S. W. 399.] The presentation of the judgment for such classification, as being one obtained against the decedent in his lifetime, was, in legal effect, the institution of a suit on the judgment. "Of course, when a judgment is presented for allowance or classification, the probate court cannot go into the merits of the original cause of action on which it was founded, nor could the circuit court in a suit at law on the judgment, but whatever legal defense the law permits in such a suit in the circuit court, the executor may make in the probate court, when the judgment is presented for classification." [McFaul v. Haley, Supra, 1. c. 67, 68.]

Since the presentation of a judgment, obtained against the deceased in his lifetime, against his estate for classification is, in effect, a suit on such judgment, it logically follows that such classification may not be had during the pendency of an appeal from such judgment, with supersedeas; for no action may be maintained upon the judgment during the pendency of such appeal. [Sublett v. Railway Co., 66 Mo. App. 331.] Indeed, the appeal itself "operates on the judgment as a final determination of the rights of the parties and suspends its finality." [State ex rel. Busch v. Dillon, 96 Mo. 56, 1. c. 61, 8 S. W. 781.] [And see Cohn v. Lehman, 93 Mo. 574, 6 S. W. 267.] And the fact that this judgment did not become a final judgment against the deceased during his lifetime, but the final determination of the rights of the parties in that proceeding was suspended pending the appeal to the appellate court which became invested with jurisdiction of the cause, would seem to be sufficient to prevent the classification of the

judgment as a fourth class demand against the estate of the defendant Grafeman; for it appears reasonable to conclude that only judgments which become final during the lifetime of the deceased may be classified as fourth class demands against his estate under the statute supra, Laws 1917, p. 97, sec. 190. [In this connection see Rutledge v. Simpson's Admr., 141 Mo. 290, 42 S. W. 820.] But however this may be, it is clear that in the instant case the appeal bond, duly approved by the circuit court, operated, by command of the statute (Sec. 2040, R. S. 1909) to "stay the execution on the judgment." The stay of execution referred to in that section is not alone the stay of a writ of execution (which, of course, could not issue after the death of the judgment creditor) but includes the stay or suspension of all process or proceedings of every nature to enforce or compel the performance of the judgment. [State ex rel. Gray v. Hennings, 185 S. W. 1153, and cases cited.]

The judgment of the circuit court vacating the said order of the probate court is accordingly affirmed, and the cause remanded with directions to duly certify such judgment to the probate court.

*Reynolds, P. J.,* concurs. *Becker, J.,* not sitting.