FOSTER'S ADMINISTRATOR, Respondent, v. RUCKER'S EXECUTOR, Appellant.

1. Under the practice act of 1849, where a cause was taken by appeal from a county to a circuit court and was tried by the court without a jury, a finding of the facts was necessary.
2. After an appeal is taken in a cause and before the transcript is filed in the appellate court, the cause must be regarded as one pending in the court to which the appeal is taken.

*Appeal from St. Louis Circuit Court.*

The facts are sufficiently set forth in the opinion of the court.

*Cline & Jamison* and *P. B. Garesché,* for appellant, cited 16 Mo. 532; 1 Dev. 456; id. 310; 4 Dev. 512; 16 Ala. 343; 17 Ala. 726; 1 Ired. Eq. 423; 9 Ves. 98; 1 Eden, 223 ; 3 How., Miss., 394; 3 P. Wms, 197; 2 Atk. 206; 5 Johns. Ch. 196; Marmaduke v. McMaster, 51.

*Casselberry,* for respondent.

SCOTT, Judge, delivered the opinion of the court.

In a trial by the court of an appeal from the county to the circuit court, it was the settled practice, under the act of 1849, for the court to file a finding of the facts as required by the act, when there was a trial by the court. (White v. Bennett's Adm'r, 20 Mo. 262.)

The appeal in this case was granted on March 20th, 1856. The act which dispensed with the finding of facts went into effect from and after May 1st, 1856, but provided that it should not apply to actions and proceedings pending when it took effect. (R. C. 1855, p. 1293, sec. 44.) The transcript of the appeal was filed in the circuit court on the 1st of September, 1856. On these facts the question arises whether this was a case in which the law required a finding of the facts by the court which tried it. It was maintained for the plaintiff that as the statute concerning appeals from county courts (R. C. 1855, p. 175, § 7) provided that when the transcript and papers are filed in the circuit court the court shall be possessed of the cause, this can not be regarded as a cause pending in the circuit court on the 1st of May, 1856, when the repealing act took effect; that, inasmuch as the transcript was not filed until the 1st of September, 1856, there was no cause pending in the appellate court until that day. This court held, in the case of the State v. McO'Blenis, that after an appeal was taken in a cause the court from which the cause was appealed could take no step in it. If, after an appeal is taken and before the transcript is filed in the appellate court, one of the parties dies, can not his representatives be substituted as a party to the suit as one pending in the circuit court? In such an event would it be necessary to begin a new suit? The terms of the statute are affirmative, and were not intended to impair the effect of the appeal in any manner.

We see no objection to the depositions. The fact that one of the parties to the suit died since they were taken can not affect them, as the suit survived the death.

No point was made relative to a demand in the court below, nor do we see any thing in the case which would warrant such an objection.

For the want of the finding of the facts the judgment will be reversed. As the witnesses contradicted each other, this was a fair case for a jury, who would determine their credibility. Without pretending to say on which side the justice

of the case is, it is impossible to read the record without coming to the conclusion that the ends of justice will be promoted by a jury of twelve good and lawful men, whose province it is under our system of jurisprudence to weigh and settle disputed facts.

The other judges concurring, the judgment will be reversed and the cause remanded.