# CASES

## ARGUED AND DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

## JANUARY TERM, 1876.

---

THE STATE OF MISSOURI, Plaintiff in Error, *v.* WM. FOS-
TER, Defendant in Error.

### January 10, 1876.

Appellate courts will not consider any papers filed in the trial court after a
writ of error has been issued, and after the bill of exceptions has been
made up and the trial court adjourned for the term.

ERROR to Warren Circuit Court.

*Order for stay of execution denied.*

*P. P. Stewart*, for plaintiff in error, cited: State *v.*
Bryant, 55 Mo. 79; State *v.* Wyatt, 50 Mo. 309; State *v.*
Ostrander, 30 Mo. 17; State *v.* Smith, 53 Mo. 271; Sloan's
Case, 47 Mo. 604; State *v.* Dunn, 18 Mo. 224; State *v.*
Hays, 23 Mo. 324; State *v.* Holme, 54 Mo. 161; State *v.*
Underwood, 57 Mo. 49.

*Nat. C. Dryden* and *William L. Morsey*, for defendant
in error, cited: Wag. Stat. 1090, sec. 27; State *v.* England,
19 Mo. 386; Williams *v.* State, 30 Texas, 404; McBean *v.*
State, 3 Heisk. (Tenn.) 20; Dutell *v.* State, 4 Greene
(Iowa), 125; Wise *v.* State, 2 Kän. 419; State *v.* Holme,
54 Mo. 161; State *v.* Hudson, 59 Mo. 138; State *v.* Schoen-
wald, 31 Mo. 147; State *v.* Starr, 38 Mo. 270; 3 Greenl.

25, sec. 24 ; 1 Greenl. sec. 55 ; 1 Ph. on Ev. (9th ed.) 469 ;
Best on Ev., 213, sec. 153 ; Regina *v.* Rowton, 11 Jur.
(N. S.) 325.

BAKEWELL, J., delivered the opinion of the court.

This cause is brought here by writ of error, and, the
defendant being sentenced to be hanged on the 19th of the
present month (January, 1876), we are asked to stay the
execution.

This we cannot do unless, on inspection of the record,
we are of opinion that probable cause exists for the appeal,
or so much doubt as to render it expedient to take the
opinion of the Supreme Court.   It has, therefore, become
necessary to inspect the record.   We have done this with
great care, and find no probable cause for this appeal, and
no doubt rendering it expedient to take the opinion of the
Supreme Court thereon.

Certain papers are appended to the bill of exceptions,
with the certificate of the clerk of the Warren Circuit Court
attached that they are full and complete copies of what is
described as " a supplemental motion to set aside the ver-
dict and judgment, and affidavits in support of the same."
The certificate of the clerk further shows that these papers
were filed with him after the bill of exceptions was made
up, after the writ of error was issued from this court, and
after the Warren Circuit Court had adjourned for the term.

This so-called " supplemental motion" and these alleged
affidavits we cannot judicially consider, for any purpose
whatever.   The cause was pending here, and not in the
Warren Circuit Court, at the time they were filed (*Foster* v.
*Rucker*, 26 Mo. 494), and we have nothing whatever to do
with them, as we can only consider matters of error com-
mitted by the court below.   Parties will not be allowed to
urge in this court points not made below.

These affidavits may have been intended to form the basis
for an application to the trial court for a writ of error *coram
nobis*, to correct some matter not apparent upon the record

itself, or they may present facts of such a character as should be addressed to another department of the government; but, whatever may be the intended office of this motion and these affidavits, they should not be forwarded to us in this shape.

For the reasons stated, we refuse to make any order directing that the writ of error shall operate as a stay of proceedings on the judgment in this case. All the judges concur.