HARRIS et al. v. CHITWOOD, Appellant.

Division Two, March 31, 1908.

1. **APPEAL: Superseded by Writ of Error.** An appeal taken and pending in this court cannot be superseded by a writ of error. Until the appeal is dismissed, the writ of error cannot be considered.

2. ———: **Filed in Supreme Court.** Unless a certified copy of the judgment and order of appeal, or a transcript of the record, etc., is filed in the Supreme Court fifteen days before the first day of the next term, if the term begins more than sixty days after the appeal is taken, the judgment for plaintiff on his motion will be affirmed.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Livingston & Burroughs* and *Theoph. L. Carns* for appellant.

*Charles Kroff, Rechow & Pufahl* and *N. B. Wilkinson* for respondents.

The judgment should be affirmed for the reason that appellant failed to file a transcript or certified copy of the judgment in the cause for more than a year after the rendition of said judgment and order granting an appeal. Deere & Co. v. Hucht & Furlong, 32 Mo. App. 158; Bobb v. Ins. Co., 32 Mo. App. 256; Bausman v. Kirtley, 47 Mo. 28; Bobb v. Comfort, 47 Mo. 36; Koenig v. Rohlfing, 47 Mo. 163; Redway v. Chapman, 48 Mo. 218; Land & Invest. Co. v. Martin, 125 Mo. 114; Lucas v. Heuston, 168 Mo. 658.

FOX, P. J.—This cause is now pending in this court upon appeal from a judgment and decree in the circuit court of Howell county in favor of the respond-

ents, defining and determining their interests in certain real estate described in the petition.

This suit was instituted on the 1st day of May, 1902. On the 2nd day of August, 1904, the decree and judgment of the circuit court was rendered. Motion for new trial was filed and by the court taken up and heard and on the 5th day of August, 1904, was by the court overruled. On the 9th day of August, 1904, and during the same term of court, defendant filed his affidavit for appeal, which was by the court found sufficient and an appeal was granted to the Supreme Court of the State of Missouri. Upon the granting of said appeal the defendant was given ninety days from the date of the order granting such appeal in which to file a bill of exceptions. The defendant was also allowed ten days in which to file an appeal bond, and on the 18th of August, 1904, and within the ten days, and in vacation of said court defendant filed his appeal bond. While the order granting the appeal by the trial court was made upon the 9th day of August, 1904, there was no transcript of the record and proceedings in this cause in the said circuit court, or a certified copy of the record entry of the judgment and decree of said court in this cause appealed from, together with the order granting the appeal, filed in this court until the 31st day of August, 1905. The record of the proceedings of the trial court in this cause as now on file at the instance of the appellant, seems to be here in response to a writ of error issued by the clerk of this court on the 18th day of May, 1905; however, our attention is nowhere directed to any record disclosing that the appeal in this court was ever dismissed. The record of the proceedings showing that an appeal was granted, until that appeal is disposed of, the writ of error, even though issued upon notice, should not be permitted to supersede the appeal, and the record before us will be treated as pending in this court upon appeal. Upon

this state of the record respondents file their motion to affirm the judgment on the ground that the appellant failed to comply with rule 28 of this court, that is, that the appeal in this cause was granted by the trial court on the 9th day of August, 1904, and appellant failed to file in this court or with the clerk thereof a transcript of the record of proceedings in this cause in said circuit court, or a certified copy of the record entry of the judgment and decree of said court in this cause appealed from and the order granting the appeal, showing the term, month and year when said judgment and decree, together with the order granting the appeal was rendered, until the 31st day of August, 1905, more than one year after the order granting said appeal in said cause, when in fact such transcript or certified copy of the record entry should have been filed at least fifteen days before the October term, 1904, of this court.

Manifestly this appeal was returnable at the October term, 1904, and the transcript of the proceedings not having been filed until August 31st, 1905, was plainly in violation of rule 28 adopted by this court at its October sitting, 1901.

The respondents having accompanied their motion to affirm with a certified copy of the judgment and decree and the order granting the appeal, in accordance with the uniform rulings of this court, the motion to affirm the judgment should be sustained, and it is ordered that the judgment in this cause be and it is hereby affirmed.

All concur.