ANNA M. CASE, Respondent, v. EDGAR C. SMITH, Appellant.

ANNA M. CASE, Appellant, v. EDGAR C. SMITH, Respondent.

In the Kansas City Court of Appeals, December 31, 1923.

1. PLEADING: Abatement and Revival: Held That Plea to the Jurisdiction and Plea to the Merits May be Joined in Same Answer Without Waiving the Question of Jurisdiction. Where an attachment was issued and defendant's property attached, the filing in the trial court of a plea to the jurisdiction and motion to dismiss by defendant, because the sheriff's return on the attachment writ failed to show that he notified and set out names of tenants occupying his property, as required by section 1747, Revised Statutes 1919, when in fact there were tenants in possession of and occupying the property, held that as neither petition nor the return stated that any tenants were occupying the property, defendant could have joined a plea to the jurisdiction with a plea to the merits in his answer without waiving the question of jurisdiction.

2. APPEAL AND ERROR: Upon Overruling Plea to Jurisdiction, Defendant Could Withdraw, and After Final Judgment Against Him Appeal. Where defendant filed a plea to the jurisdiction, which was overruled, he could withdraw and after final judgment was rendered against him appeal.

3. ————: Order Overruling a Plea to Jurisdiction and Motion to Dismiss, not Being a Final Judgment, Could not be Appealed from. Order overruling plea to jurisdiction and motion to dismiss, not being a final order or judgment within section 1469, Revised Statutes 1919, is not appealable.

4. ————: Where Plaintiff, after Order Vacating Default Judgment, Withdraws and Suffers a Final Judgment, He May Appeal. No appeal lies from an order vacating a default judgment, but where plaintiff, after such an order is made, withdraws and suffers a final judgment to be rendered against him, he may appeal.

5. COURTS: Jurisdiction: Circuit Court of a County is One Court Though it Has Different Divisions. The circuit court of a county is one court, though it has different divisions which are separate only to the extent that when a case has been assigned to and is pending in one division, no other division has jurisdiction there-

over, and cannot have, until the case has been duly transferred to such other division.

6. ———: Counts: Judgments: After Appeal from a Judgment in One Division of Circuit Court is Allowed, a Default Judgment Rendered in Same Case in Another Division Thereof is Void. After an appeal has been allowed, the court from which the appeal has been allowed has no power to render further decision affecting the rights of the parties until the case has been remanded, and where one division of a circuit court allowed an appeal in a case to the appellate court, a default judgment entered in such case in another division of said circuit court, while the appeal was pending and undetermined, was void, and it was proper for court to set the default judgment aside at the time it did upon suggestion of the matters in defendant's motion.

7. COURTS: Judgments: Court Has Inherent Power to Remove from Its Records, Orders and Judgments Which Record Shows upon Its Face It Had no Power to Make. Circuit court has inherent power to remove from its records, orders and judgments which the record shows on its face it had no power whatever to make.

8. APPEARANCE: Motion to Set Aside Default Judgment for Want of Jurisdiction, Which Also Struck at Case on the Merits, Had Effect of Entering General Appearance. Where defendant in his motion to set aside default judgment, struck at plaintiff's case on the merits, the same had the effect of entering a general appearance.

Appeal from Circuit Court of Jackson County.—*Hon. Thos. B. Landon* in 14750; *Chas. R. Pence* in 14773.

No. 14773, AFFIRMED; No. 14750, APPEAL DISMISSED.

*L. A. Laughlin* for Anna M. Case.

*Amos Townsend* for Edgar C. Smith.

TRIMBLE, P. J.—On June 30, 1921, plaintiff brought suit in the circuit court of Jackson County, Missouri, returnable to the September term of that year, alleging that defendant, owner of certain property adjoining hers, collected surface water and sewage and discharged it upon plaintiff's property. She prayed

damages in the sum of $2000 and asked that an injunction issue restraining defendant from the further commission of said wrong. An affidavit for attachment was filed alleging, among other things, that affiant "has good reason to believe and does believe that said defendant is a nonresident of the State of Missouri," and thereupon an attachment was issued and defendant's property was attached on July 1, 1921, and a *non est* return was made as to defendant.

On November 8, 1921 ,summons was issued, directed to the sheriff or other officer authorized to serve process in Harris County, Texas, commanding him to summon defendant to appear on the first day of the January term, it being the 9th day. of January, 1922. This was returned executed, on November 29, 1922, by delivering a copy of the summons and petition to defendant.

On the 3rd day of the January Term, January 11, 1922, defendant, appearing specially and for the purpose of the motion only, moved to quash the service of the writ of attachment on the ground that the sheriff of Jackson county had not notified the tenants occupying the property attached as required by the latter part of paragraph 3 of section 1747, Revised Statutes 1919. On January 30, 1922, this motion to quash was overruled.

At the same term and on February 3, 1922, defendant "appearing for the purpose of raising the question of jurisdiction only," filed a plea to the jurisdiction and motion to dismiss, setting up that defendant's property had three six-apartment houses thereon, making eighteen apartments in all, which were all occupied by tenants of defendant, and raising the point that the sheriff's return on the attachment writ failed to show that he notified the tenants ten days before the return day of the writ and did not set out the names of the occupying tenants as required by section 1747, Revised Statutes 1919.

On March 3, 1922, still during the January term, the court overruled this plea to the jurisdiction and motion to dismiss. Three days later, but still at the January term, 1922, defendant filed a motion to set aside

said overruling order and also a motion for a rehearing of the plea to the jurisdiction and motion to dismiss. All of these matters were had and done in the Assignment Division which, during the January term, was Division No. 8.

At the opening of the March Term, 1922, Division 9 became the Assignment Division and on March 20, 1922, the cause was assigned to Division No. 8 to make up the pleadings.

On April 8, 1922, of said March term, defendant's motion to set aside the overruling order of March 3rd, and to grant a rehearing of the plea to the jurisdiction and motion to dismiss, were by the Court, Division No. 8, overruled, and the cause was ordered returned to the general docket. On April 11, 1922, the cause was assigned to Division No. 8. Defendant on the same day, to-wit, April 11, 1922, filed affidavit and bond for appeal and an appeal was allowed to our court. Said appeal is the one now in this court, entitled, as shown at the head of this opinion, "Anna M. Case, Respondent,. v. Edgar C. Smith, Appellant," No. 14750. On June 2, 1922, during the May term of that year, the cause, notwithstanding the fact that an appeal therein had been allowed, was assigned to Division No. 3. How it got back from Division No. 8 to the Assignment Division so as to be by the latter assigned to Division No. 3, does not appear.

At any rate, on June 2, 1922, of the May term, plaintiff appeared in Division No. 3 and obtained a judgment by default for $2000 damages and sustaining the attachment against defendant, the judgment being a special one to be levied against the property attached.

On July 26, 1922, in vacation, defendant filed in Division No. 3, a motion to set aside this default judgment, the motion reciting that defendant comes "pleading specially and solely for the purpose of this motion." The grounds of this motion were four in number, (1) that an appeal in said cause had been allowed and was pending at the time the default judgment was rendered, (2) that the cause was not listed for trial nor notice thereof

published in the Daily Record as required by the rules of court, (3) that the cause was presented as a jury-waived case, when it was one in equity, (4) that defendant had no knowledge that the cause had been assigned to Division 3 or would be assigned to any division. Said motion also struck at the merits of plaintiff's case. No action was taken on this motion during the May Term, 1922.

On October 2, 1922, defendant, by leave of court, filed in Division 3 an amended motion duly verified, to set aside the default judgment, giving the same reasons and others in support thereof and alleging he had a meritorious defense. At the November Term, 1922, December 2 of that year, defendant's amended motion was sustained. Plaintiff, at the same term and on December 6, 1922, filed motion for a rehearing of the motion to set aside, but same was overruled. Thereupon the case was called for trial, but the plaintiff not appearing, the court rendered judgment that plaintiff take nothing by her suit and that defendant go hence without day. Plaintiff then filed motion for new trial and in arrest, and these being overruled, she appealed. This is the other case, No. 14773, set out and appearing at the head of this opinion.

The appeal of defendant in case No. 14750 was briefed, argued and submitted on both sides, at the March Term, 1923, of our court, but owing to the earnest insistence of appellant therein that another appeal had later been taken by plaintiff, which would come up at the next term, and the two should be considered at the same time, the case No. 14750 was laid aside to be considered when appeal No. 14773 was before us.

So far as concerns defendant's appeal, case No. 14750, it clearly appears to be premature. Defendant filed in the trial court a plea to the jurisdiction and to dismiss because the sheriff's return on the writ of attachment did not show that the tenants occupying defendant's property had been notified and did not set out the names of said tenants, when in fact there were tenants in possession of and occupying the property.

215 Mo. Sup.—40.

Neither the petition nor the return stated or showed that any tenants were occupying said property, and hence defendant could have joined a plea to the jurisdiction with a plea to the merits in his answer without waiving the question of jurisdiction. [Newcomb v. New York, etc., R. Co., 182 Mo. 687, 707; Roberts v. American National Ins. Co., 201 Mo. App. 239, 243-4.] Instead of doing this, he merely filed a plea to the jurisdiction and when this was overruled he could have withdrawn and, after final judgment was rendered against him, then appealed. [Bussiere's Admr. v. Sayman, 257 Mo. 303, 315.] He did not do this, but upon the overruling of his plea to the jurisdiction and motion to dismiss, he appealed. There had been no final judgment in the case. The suit itself had not been disposed of, and there is no statute allowing an appeal from the order made. [Sec. 1469, R. S. 1919; Tamblyn v. Chicago Lead, etc., Co., 161 Mo. App. 296, 301; Cooper Wagon, etc., Co. v. Cornell, 131 Mo. App. 344.] For this reason the only thing we can do in case No. 14750 is to dismiss the appeal without considering or deciding any of the questions attempted to be raised and discussed. Said appeal is, therefore, with the concurrence of the other judges, dismissed.

We next take up and consider case No. 14773, plaintiff's appeal from the judgment in favor of defendant rendered after the default judgment in plaintiff's favor had been set aside. The mere statement of the judgment appealed from answers defendant's contention that the appeal does not lie. It is true, no appeal lies from the order vacating a default judgment. [Bussiere's Admr. v. Sayman, 257 Mo. 303, 315.] But plaintiff did as this case points out. She withdrew and suffered a final judgment to be rendered against her and then appealed.

Plaintiff's position on her appeal is, in effect, that the default judgment was a final and not an interlocutory judgment and final judgments can only be reached, if

at all, by a petition in review; that the motion to set aside, filed at the May term, was not a petition for review, it not being in form such, nor verified, nor stating that defendant had a meritorious defense, and hence it can only be regarded as a suggestion to the court, which, not being acted upon at that term, did not have the effect of carrying the matter over to the November term at which the court acted; that although the amended motion to set aside, filed at the November term, was verified and did allege that there was a meritorious defense, nevertheless it was not in form a petition for review; and even if it had been, it was of no efficacy since, under section 1532, Revised Statutes 1919, a petition for review does not apply to cases where a defendant has been personally summoned, nor does it apply to attachment suits. Consequently, plaintiff says the court was without power to set aside the default judgment.

We do not deem it necessary to go into the theory of plaintiff as above outlined, except to observe that in Harkness v. Jarvis, 182 Mo. 231, it is held that a judgment is not final until the expiration of the term at which it is rendered, that until that time the judgment is in the breast of the court, and that a motion to set aside a judgment, filed at the term it was rendered, but not within four days and not acted upon at that term, carries the whole matter over to the next term and the court can act upon it at the succeeding term and set aside the judgment. However, the court, it seems, acted upon the amended motion filed at the next term and it may be urged that it had no power to act upon the amended motion filed after the term elapsed even though the action was had upon the grounds contained in the original motion. It cannot be claimed that the court's action in setting aside the default judgment was upon any grounds, other than the same grounds contained in the original motion, since no other grounds were assigned in the amended motion except such as constituted an attack upon the merits of plaintiff's cause of action.

But passing, and without deciding any of the questions here suggested, there is another view which we take of the default judgment and that is this: On the face of the record it was void, the court having no jurisdiction to render it. The circuit court of Jackson county is one court though it has different divisions, which are separate only to the extent that when a case has been assigned to and is pending in one division no other division has jurisdiction thereover, and cannot have, until the case has been duly transferred to such other division. On April 11, 1922, Division 8 allowed an appeal in the case to our court. How then could there be any jurisdiction in Division No. 3, or even in Division 8, or any other Division for that matter, to render a default judgment in plaintiff's favor on June 2, 1922, when the appeal was pending in this court and undisposed of? It is well settled that after an appeal has been allowed, the court from which the appeal has been allowed has no power to render further decision affecting the rights of the parties until the case has been remanded. [2 Ency. of Pl. and Pr., 327; Foster v. Rucker, 26 Mo. 494, 495.] After the appeal was allowed, the cause was in the appellate court. [Ryans v. Boogher, 169 Mo. 673, 685; In re Grading Bledsoe Hill v. Bledsoe, 222 Mo. 604, 609.] In Harris v. Chitwood, 210 Mo. 560, an appeal was not perfected within the proper time and was therefore subject to dismissal. No motion to dismiss was filed but a writ of error was sued out. It was held that a writ of error could not issue so long as the appeal was pending. "It is undoubtedly the rule that an appeal divests the jurisdiction of the trial court and places it in the appellate court." [State ex rel. v. Sale, 153 Mo. App. 273, 279.] If it be urged that the appeal was premature and unauthorized, this does not change the situation, for the trial court *allowed* the appeal. This order was not absolute nullity. By allowing the appeal, the trial court sent the case to the appellate court and thereby solemnly notified defendant he need no longer attend in the trial

court. And none but the appellate court could dispose of the appeal and direct the case to be returned to the lower court. It is anomalous to say that the trial court could, after transferring the case to the appellate court by the order allowing the appeal and after thus notifying the defendant that he need no longer attend in the case until the appeal had been disposed of, then turn around and, without defendant's knowledge, enter up a default judgment against him. Plaintiff says the record shows defendant knew the default judgment would be taken. It shows only that when the plea to the jurisdiction was overruled, but before any appeal was applied for or allowed, plaintiff's counsel said to defendant's counsel that a default judgment would be taken if he did not file an answer. It does not appear how the case was attempted to be gotten from Division 8 into Division 3 where the default was rendered, and it makes no difference how regular the steps may appear to have been taken. The two Divisions were, so far as the question now under consideration is concerned, but parts of one and the same circuit court. There was no jurisdiction anywhere in the circuit court to send the case to any Division since it was then, by virtue of the allowance of the appeal, in the appellate court.

As the record shows on its face that the court had no jurisdiction or power to render the default judgment, it is absolutely void and of no effect. The court could, therefore, set it aside at the time it did upon the suggestion of the matters in defendant's motion. [Wise Coal Co. v. Columbia Lead, etc., Co., 123 Mo. App. 249.] It has inherent power to remove from its records orders and judgments which the record shows on its face it had no power whatever to make.

The result of the above holding is to approve the judgment of the court in setting aside the default judgment. There is one other point presented for our consideration in this appeal and that is as to whether defendant is personally in court. We think he is. We are

unable to see any defect in the summons personally served upon him in Harris county, Texas, and although this may be constructive service, yet it reached defendant's "consciousness," thus doing for him what notice to his tenants would have done. But even if his appearance then was special, and even if he were not in court generally, yet in his motion to set aside the default judgment he struck at plaintiff's case on the merits. - It is well settled that when this is done it has the effect of entering a general appearance.

The action of the circuit court, Division No. 3, in setting aside the default judgment is affirmed. The result of our ruling upon the two appeals is to send the case back to the circuit court with the parties in exactly the same situation they were in when the plea to the jurisdiction was overruled, except that defendant's contention that he was not personally in court is now adjudicated against him. Two appeals have been had and much time, expense and labor have been expended with the litigation only this little nearer a termination than before. They, however, can now go back to the circuit court and try the cause of action on its merits. All concur.