**Odus O. NEWMAN (Plaintiff), Respondent,**

v.

**Jerome F. KERN (Defendant), Appellant.**

**No. 29587.**

St. Louis Court of Appeals.

Missouri.

Jan. 2, 1957.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 1, 1957.

Frank Mashak, St. Louis, for appellant.

C. J. Pursey, Riley & Riley, St. Louis, for respondent. .

ANDERSON, Presiding Judge.

This is an appeal from an order of the Circuit Court of St. Louis County setting aside a judgment of dismissal for failure to prosecute.

The action was brought by Odus O. Newman against Jerome F. Kern for damages for personal injuries, and for damages to plaintiff's automobile, sustained as a result of a collision between plaintiff's car and one driven by defendant. Defendant appeared in said cause and filed an answer to the merits. After a number of continuances the case was, on September 27, 1954, dismissed by the court for failure to prosecute. On September 29, 1954, the court set aside the aforesaid dismissal and ordered the cause reinstated on the trial calendar. Thereafter, there were several settings and continuances. On October 10, 1955, the cause came on for hearing. Defendant appeared in person and by counsel and announced ready for trial. Plaintiff failed to appear, whereupon the court, of its own initiative, again dismissed the case for failure to prosecute. Thereafter, on October 11, 1955, plaintiff filed his motion to set aside said dismissal. This motion was sustained on October 28, 1955. The cause was then set for December 5, 1955, and later reset for January 30, 1956. On January 4, 1956, defendant appeared specially and filed his motion challenging the jurisdiction of the court to proceed with the case, on the theory that the order sustaining plaintiff's motion to set aside the order of dismissal was void for the reason that defendant had not been given notice of the date of the hearing on said motion and an opportunity to be heard in opposition to same. Defendant's motion challenging the court's jurisdiction was overruled on March 12, 1956. Thereafter, defendant appealed from the order of October 28, 1955.

It is our conclusion that this appeal is premature, for the reason that no appeal lies from an order setting aside a judgment of dismissal for failure to prosecute. Mitchell v. Johnston, Mo.Sup., 241 S.W.2d 902; Mandel v. Bethe, Mo.App., 170 S.W. 2d 87.

The appeal is dismissed.

MATTHES, J., and JAMES D. CLEMENS, Special Judge, concur.