353 N.W.2d 273 (1984)
218 Neb. 331
Michael J. TRACY, Appellant,
v.
UNITED TELEPHONE COMPANY OF THE WEST, a corporation, Appellee.
No. 84-082.
Supreme Court of Nebraska.
August 10, 1984.
*274 John W. Herdzina of Abrahams, Kaslow & Cassman, Omaha, for appellant.
John F. Wright of Wright, Simmons & Selzer, Scottsbluff, for appellee.
Darrel J. Huenergardt of O'Brien, Huenergardt & Cook, Kimball, for amicus curiae City of Kimball.
KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, District Judge, Retired.
WHITE, Justice.
This is an appeal from the judgment of the district court for Scotts Bluff County, Nebraska, which sustained the special appearance of appellee, United Telephone Company of the West (United Telephone), and dismissed the petition of appellant, Michael J. Tracy. We affirm.
A recitation of the procedural history of this matter is necessary for a resolution of this case. The dispute between the parties arose in the Nebraska Public Service Commission (Commission). United Telephone filed an application with the Commission on December 27, 1982, to increase rates in its service area, which includes the city of Kimball, Nebraska. Michael J. Tracy and others filed protests with the Commission. After a hearing the Commission, on August 23, 1983, issued an order granting United Telephone permission to raise its rates. The Commission further directed United Telephone to file a revised schedule of rates that would reflect the rate increase. On September 6, 1983, the Commission approved the revised rate schedules. On September 12, 1983, appellant filed a motion for rehearing, which was overruled on October 25, 1983. Shortly thereafter, a praecipe for transcript and notice of appeal were filed. The notice of appeal was received by this court on December 5, 1983. On October 17, 1983, appellee filed a supersedeas bond with the Commission, which was approved on October 18, 1983.
On October 17, 1983, Tracy filed suit against United Telephone in the district court for Scotts Bluff County. It is the time frame from September 7, 1983, the date on which United Telephone implemented its rate increase, to October 18, 1983, the date on which United Telephone's supersedeas bond was approved, that is the subject of this lawsuit. In his petition Tracy alleged that the rate increase violated Neb.Rev.Stat. § 75-139 (Reissue 1981). That statute provides in pertinent part:
Except as otherwise provided in this section, the effective date of a rate order that is appealed to the Supreme Court shall be the first Monday following the date of the court's mandate if the order is affirmed; ... and provided further, that a common carrier may make effective a rate order increasing a fixed rate by filing a supersedeas bond with the *275 commission sufficient in amount to insure refund of the difference between the rate finally approved and the rate appealed to shippers or subscribers entitled thereto if the order appealed is reversed. A supersedeas bond may be filed by any affected shipper or common carrier, including shippers or common carriers that were not parties to the rate proceeding, at any time prior to the issuance of the Supreme Court's mandate. Only the shipper or common carrier filing a supersedeas bond shall benefit from such filing. The commission shall approve a supersedeas bond which meets the requirements of this section within seven days after a written request therefor has been made, and failure to disapprove the bond within the time specified shall be deemed to be an approval.
In response the appellee filed a pleading on November 15, 1983, entitled "Special Appearance," with an attached certificate of the Commission reflecting the status of the rate application at that time.
On December 6, 1983, after the appeal had been docketed in this court, a hearing was held on the appellee's motion. Thereafter, on January 5, 1984, the court ordered dismissal of the appellant's petition, finding "that it has no jurisdiction to hear the matters involved between the parties hereto and that matter is still pending before the Nebraska Public Service Commission and on appeal to the Supreme Court of the State of Nebraska."
Although appellant argues that the power granted to the Commission by article IV, § 20, of the Constitution of the State of Nebraska does not deprive the district court of concurrent jurisdiction to exercise its general equitable powers, we will not discuss the matter. As noted by the trial court at the time of the entry of its order of dismissal, the jurisdiction to finally determine the cause was not in the Commission, but in this court. The parties do not assert that this court lacked jurisdiction to completely determine the cause before it, nor do they assert that the issue of the propriety of the rate increase between September 7 and October 18, 1983, was not before this court.
It is an elementary principle of appellate jurisdiction that as soon as the jurisdiction of this court attaches, that of a lower court or tribunal ceases. State v. Allen, 195 Neb. 560, 239 N.W.2d 272 (1976). This principle is equally applicable to appeals from administrative agencies. Thus, the Commission had no jurisdiction to further act once the notice of appeal had been filed.
The novel question is, Does the acquisition of jurisdiction by this court deprive a separate, lower tribunal of jurisdiction to hear a case involving the same matter between the same interested parties? As a necessary corollary of this court's power to hear and finally determine causes within our jurisdiction, we believe it does.
In Case v. Smith, 215 Mo.App. 621, 257 S.W. 148 (1923), the appellate court noted that while a cause was on appeal, a separate division of the circuit court of Jackson County, Missouri, first entered a default judgment against one of the parties and then set aside the default as void. In approving the order vacating the default judgment, the court said, "As the record shows on its face that the [circuit] court had no jurisdiction or power to render the default judgment, it is absolutely void and of no effect. The court could, therefore, set it aside at the time it did ...." Id. at 629, 257 S.W. at 151. See, also, Matter of M.L.Y., Mont., 655 P.2d 499 (1982).
At the time the order was entered dismissing appellant's petition, the district court clearly had no jurisdiction to take any action save the action it took. The judgment of the trial court was correct, and it is therefore affirmed.
AFFIRMED.
KRIVOSHA, Chief Justice, concurring.
I agree with and join in the majority opinion. However, I feel it is necessary to emphasize what has been decided, and to point out that which has not been decided.
*276 The majority simply holds that a district court may properly dismiss a petition when the identical question is before this court on appeal and the parties are identical.
We do not decide to what extent, in the exercise of its original jurisdiction granted by Neb. Const. art. V, § 9, the district court may properly entertain a petition for relief from an alleged unlawful rate where the matter is also pending before the Nebraska Public Service Commission. Indeed, Neb.Rev.Stat. § 75-122.01 (Reissue 1981) appears to sanction the enjoining of rates imposed in violation of chapter 75. Nor does the majority opinion preclude the filing of an action of the type brought by appellant once the appeal is no longer before this court and the issue still unresolved.