**Dianne E. RAO, et al., Respondents,**

· v.

**TRUMAN MEDICAL CENTER, Appellant.**

**No. WD 41656.**

Missouri Court of Appeals, Western District.

March 20, 1990.

Timothy S. Frets, John P. Poland, Brian E. Howard, Baker & Sterchi, Kansas City, for appellant.

William H. Pickett, James K. Blickhan, William H. Pickett, P.C., Kansas City, for respondents.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Truman Medical Center appeals from the court's order setting aside the court's judgment of dismissal.

Respondents, Dianne and Biagio Rao, filed a petition against the Truman Medical Center alleging the wrongful death of their son, Steven A. Rao. Plaintiff's petition alleges that Steven was admitted to Truman Medical Center–West (hospital) on March 30, 1986, and that he died at the hospital on May 12, 1986, as a proximate result of the failure of the nursing care provided to meet the required standard of care. The case was assigned to Division Number Thirteen, Judge Forest W. Hanna. On July 2, 1988, the hospital filed a motion to dismiss, or alternatively, for a more definite statement. The court overruled the hospital's motion to dismiss plaintiffs' petition on July 25, 1988, but sustained the hospital's motion to require the plaintiffs to make more definite petition paragraphs 8 and 9. The plaintiffs were granted fifteen days in which to comply. On December 9, 1988, the defendant filed a second motion to dismiss plaintiffs' petition because plaintiffs failed to comply with the court's July 25, 1988, order. On January 4, 1989, Judge Hanna entered an order sustaining defendant's motion and dismissing plaintiffs' petition.

On January 30, 1989, plaintiffs filed a motion to set aside the court's January 4 judgment of dismissal. Judge Hanna attended a meeting at the Supreme Court Building in Jefferson City February 3, 1989, and became a party to a telephone conference with counsel for both parties, initiated by plaintiffs' counsel. During the conference, Judge Hanna stated his decision to set aside his January 4 order dismissing plaintiff's petition. He directed plaintiff's counsel to prepare an order to effect his intent and to present it to Judge Martin, Presiding Judge of the Jackson County Circuit Court, to sign in his absence because he believed February 3 was the last day that the January 4 order of dismissal could be set aside. Judge Martin signed and filed the order presented by plaintiffs' counsel setting aside Judge Hanna's January 4 order of dismissal.

The appellant alleges four points on appeal. The court examines three preliminary issues, the first two determinative of whether a valid order exists and the third is a jurisdictional question. They are: (1) whether plaintiff's motion to set aside the order dismissing plaintiff's petition was timely filed, raised by appellant; if it was, (2) whether Judge Martin had authority to enter the order setting aside Judge Hanna's order of dismissal, also raised by appellant; and if he had the authority and the order is valid, (3) whether the order setting

aside the judgment of dismissal is appealable.

■ Whether plaintiffs' motion to set aside the order dismissing plaintiffs' petition was timely filed is considered. Defendant's second motion to dismiss plaintiff's petition or for a more definite statement was filed pursuant to Rule 55.27(d). Plaintiffs' failure to comply with Judge Hanna's July 25, 1988, order denying defendant's motion to dismiss but requiring plaintiffs' to make more definite paragraphs 8 and 9 within fifteen days resulted in defendant's filing their December 9, 1988, motion to dismiss and Judge Hanna's January 4, 1989, order of dismissal. Either Rule 55.-27(d) (§ 509.310, RSMo 1986) or the general rule 67.02 (§ 510.140, RSMo 1986) could apply as authority for Judge Hanna's order. *Butler v. Circulus, Inc.*, 557 S.W.2d 469, 480 (Mo.App.1977). An order dismissing a plaintiff's action is a judgment from which the plaintiff can appeal. *Hutchins v. Southview Golf Club, Inc.*, 343 S.W.2d 223, 224 (Mo.App.1960). Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Thus, February 3, 1989, the thirtieth day after entry of Judge Hanna's order of dismissal, was the last day the court could enter an order setting aside the January 4 judgment of dismissal. *See* Rule 44.01(a). The plaintiff's motion to set aside the January 4 order of dismissal, filed within thirty days from the date of the order, was timely filed, and the court's February 3, 1989, order setting aside its January 4, 1989, judgment of dismissal was timely filed.

On February 3, 1989, Judge Martin signed an order setting aside Judge Hanna's January 4 order dismissing plaintiffs' petition. Whether Judge Martin had authority to sign and enter the February 3, 1989, order setting aside Judge Hanna's

order of dismissal is now considered. The hospital argues that because Judge Hanna had acquired subject matter jurisdiction of the case, Judge Martin had no jurisdictional authority to enter the February 3 order. The hospital cites *Comfort v. Higgins,* 576 S.W.2d 331 (Mo. banc 1978), as authority holding that once a court acquires jurisdiction of the subject matter of a suit, it holds it to the exclusion of all other courts of concurrent jurisdiction.[1] *Id.* at 340. The hospital also cites *State v. Armstrong,* 605 S.W.2d 526 (Mo.App.1980), holding that the division of the circuit court to which a case is assigned exercises exclusive jurisdiction, and no other division of the court may take jurisdiction of the case. *Id.* at 529; *Koplar v. Rosset,* 355 Mo. 496, 196 S.W.2d 800, 806 (banc 1946); *Case v. Smith,* 215 Mo.App. 621, 257 S.W. 148 (1923).

■ The cases cited by respondent are not in point. In each of them a division of a circuit court other than the one to which the case considered was assigned exercised discretion and entered an order. The disputed order was not a decision of the judge to whom the case was assigned and in whom jurisdiction had vested to the exclusion of his peers. In this case, the facts are dissimilar. Judge Hanna was in Jefferson City at a meeting in the Supreme Court Building on February 3. In a February 3 telephone conversation with counsel for both parties, Judge Hanna informed counsel of his decision to set aside his January 4 order, intending that plaintiffs be permitted to prosecute their cause of action. Judge Hanna directed plaintiffs' counsel to prepare and present an order to Presiding Judge Martin for his signature in Judge Hanna's absence because February 3, 1989, was the last day that the court could set aside the January 4 order of dismissal. Judge Martin signed the February 3 order at Judge Hanna's request. Judge Hanna exercised his authority to grant plaintiffs' motion to set aside his earlier order of dismissal within the time provided by Rule 75.01. Judge Hanna authorized Judge

---

1. The hospital also cites Supreme Court Rule 79.01 and Jackson County Circuit Court Rule 6.6(2)(a) as limited authority for a judge to perform the duties of the assigned judge when certain stated circumstances occur. These rules are not applicable in this case.

Martin to sign the order in his behalf because he was unable to timely sign and file the order himself. Judge Martin did not exercise discretion when signing the February 3 order. As a member of the court, he simply served as the means by which Judge Hanna's discretion was memorialized. Judge Martin had authority to sign and enter the February 3 order effecting Judge Hanna's decision to set aside the court's earlier order of dismissal.

To preclude a trial judge from authorizing another judge of the same court to sign in his behalf orders reflecting his decisions when he is physically unable to sign and file them himself would unreasonably restrict judges in the performance of their duties. Such a restrictive ruling would effectively reduce time limits contemplated by the various Supreme Court Rules whenever a judge to whom a case is assigned is absent from a courthouse, especially for an extended period of time. Counsel for parties would be compelled to obtain orders from the assigned judge only when he is physically available despite the availability of another judge who could otherwise routinely chronicle the absent judge's decision. The court's February 3 order is valid.

■ Next considered is whether the court's order of February 3, 1989, is an appealable order. An order setting aside a judgment of dismissal for failure to prosecute is not appealable. *Newman v. Kern*, 297 S.W.2d 594 (Mo.App.1957). The points raised by the hospital which have not been addressed are not considered.

The appeal is dismissed and the case is remanded to the trial court.

All concur.

